Norma Angelica SERRANO–PINEDA, Petitioner,

v.

Eric H. HOLDER, Attorney General, Respondent.

No. 05–71445.

United States Court of Appeals, Ninth Circuit.

---

Submitted Feb. 2, 2009.*

Filed Feb. 4, 2009.

Antonio M. Zaldana, Esq., Law Office of Antonio M. Zaldana, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Petitioner Norma Angelica Serrano–Pineda, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals, which denied Petitioner's request for cancellation of removal for lack of good moral character. Reviewing de novo the finding of Petitioner's ineligibility for cancellation of removal, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002), we deny the petition.

To be eligible for cancellation of removal, an applicant must demonstrate good moral character during the ten-year period described by the statute. 8 U.S.C. § 1229b(b)(1)(B). Under 8 U.S.C. § 1101(f)(3), an alien described in 8 U.S.C. § 1182(a)(2)(A) cannot "be regarded as, or found to be, a person of good moral char-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

acter." Section 1182(a)(2)(A)(i)(II), in turn, makes inadmissible an alien who stands convicted of any law relating to a controlled substance. Petitioner pleaded guilty to possession for sale of cocaine base in May 2001. Because her conviction relates to a controlled substance within the meaning of § 1182(a)(2)(A)(i)(II), she is statutorily barred from establishing good moral character.

Petitioner argues that she was convicted only of aiding and abetting possession for sale of cocaine base and, therefore, § 1182(a)(2)(A)(i)(II) does not apply to her. Petitioner is mistaken.

First, Petitioner pleaded guilty to and was convicted of violating California Health and Safety Code section 11351.5, which provides that a "person who possesses for sale or purchases for purposes of sale cocaine base ... shall be punished by imprisonment in the state prison." She did not plead guilty to aiding and abetting.

Second, even if Petitioner had been convicted only of aiding and abetting possession for sale of cocaine base, she still would be ineligible for cancellation of removal. *See Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 185, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (holding that aiding and abetting a theft is considered a "theft offense" for which an alien may be removed); *Ortiz–Magana v. Mukasey*, 542 F.3d 653, 661 (9th Cir.2008) (holding that aiding and abetting a violent crime must be treated like committing a violent crime when determining whether an alien is removable).

PETITION DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.